UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANNY MCCLUSKIE, | ) |
|     Petitioner | ) ) ) ) |
| v. | ) Civil No. 9-400-B-W |
| MAINE, STATE OF, | ) ) ) ) |
|     Respondent | ) |

**RECOMMENDED DECISION**

Danny McCluskie filed a 28 U.S.C. § 2254 petition on August 28, 2009. On September 14, 2009, the State of Maine filed an answer, pointing out, among other things, that McCluskie has already filed a 28 U.S.C. § 2254 petition that was denied in August 1993. Accordingly, before proceeding with this 28 U.S.C. § 2254 petition McCluskie must seek the permission of the First Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A). McCluskie has filed a motion seeking this court's leave to withdraw his pending 28 U.S.C. § 2254 motion. The State has informed the clerk's office that it takes no position on this request. I read the certification requirement of § 2244(b)(3)(A) to be a mandatory prerequisite to filing a second or successive § 2254 petition. McCluskie has a reason and a right to seek the voluntary dismissal of this petition. Accordingly, I recommend that the Court grant McCluskie leave to withdraw the petition and dismiss it without prejudice to McCluskie's right to resurrect his current challenge should he obtain the necessary order authorizing his return § 2254 visit to this court.[1]

---

[1] In so doing, I in no way touch on the merits of McCluskie's current habeas challenge but I do note that, with regards to any potential 28 U.S.C. § 2244(b)(2) inquiry, that this court has denied § 2254 relief on substantially similar claims brought by other § 2254 petitioners. See, e.g., Cummings v. Maine, 09- 302-B-W, 2009 WL 2242368 (D. Me. July 26, 2009) (recommended decision), adopted, 2009 WL 2476515 (D. Me. Aug. 12, 2009).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 28, 2009.